IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH TAGGART | : | |
| | : | CIVIL |
| v. | ACTION : | |
| | : | NO. |
| BAC HOME LOANS SERVICING, LP, | 10-1223 : : | |
| ET AL. | | |

**SURRICK, J.**                                                           <u>AUGUST  26 , 2011</u>

<u>MEMORANDUM</u>

Presently before the Court are Defendants' Motion to Dismiss (ECF No. 7) and Plaintiff's

Motion for Leave to Amend Complaint (ECF No. 12).  For the following reasons, the Motions

will be granted in part and denied in part.

**I.    BACKGROUND**

In January 2006, Plaintiff Kenneth Taggart executed a mortgage in favor of Countrywide

to secure a loan.  On March 5, 2009, Plaintiff acting *pro se* filed suit against Countrywide in the

Philadelphia Municipal Court asserting violations of the Truth in Lending Act ("TILA"), 15

U.S.C. § 1601 *et seq.*, in connection with the mortgage.  Countrywide did not respond to the

complaint and the court entered a default judgment in favor of Plaintiff.

On March 2, 2010, Plaintiff again acting *pro se* filed the instant action in the Court of

Common Pleas of Philadelphia County against Defendants BAC Home Loans Servicing, Bank of

America, and Bank of New York-Mellon.[1]  This lawsuit involves the same January 2006

mortgage.  The Complaint contains fifteen claims,[2] including claims brought under TILA, the

---

[1]

        Bank of America purchased certain Countrywide assets in 2008.  Plaintiff's January
2006 mortgage is currently owned by Bank of New York-Mellon and serviced by BAC.

[2]

        The Fourth Claim for Relief has been omitted.

Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Fair Credit Reporting

Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act.

Defendants removed the case to federal court and thereafter filed the instant Motion to dismiss

pursuant Rule 12(b)(6).  After Defendants filed the Motion to dismiss, Plaintiff filed the instant

Motion for leave to amend his Complaint.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."  Federal

Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state

a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging

facts that show entitlement, must be dismissed.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203,

211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but

instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of' the necessary elements." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.

2008) (quoting *Twombly*, 550 U.S. at 556).

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be

granted freely "when justice so requires."  *See also Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.

2004).  One ground that can justify a denial of leave to amend is "futility."  *See Shane v. Fauver*,

213 F.3d 113, 115 (3d Cir. 2000).  "Futility" means that the "complaint, as amended, would fail

to state a claim upon which relief could be granted." *Id.*

## III.    DISCUSSION

### A.    Res Judicata

Res judicata "gives dispositive effect to a prior judgment if a particular issue, although not litigated, *could have been raised* in the earlier proceeding." *Taggart v. Chase Bank USA, N.A.*, 375 F. App'x 266, 268 (3d Cir. 2010) (quoting *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999)).  The doctrine of res judicata bars a suit where three circumstances are present:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).  It is well settled that a default judgment is a final judgment on the merits with res judicata effect. *See Riehle v. Margolies*, 279 U.S. 218, 225 (1929); *Schuldiner v. Kmart Corp.*, 284 F. App'x 918, 921 (3d Cir. 2008).

Here, Plaintiff filed this second Complaint after receiving a default judgment in his state-court action.  The lawsuit in which the default judgment was entered and the instant lawsuit involve the same January 2006 mortgage.  The Defendants in both lawsuits are in privity.  Even though several of Plaintiff's claims in this second Complaint rely on new violations and different legal theories, it is apparent that Plaintiff "is merely attempting to split a cause of action, which he is not permitted to do." *See Taggart*, 375 F. App'x at 268.  This is not the first time that Plaintiff has attempted to do this.  In an opinion filed on April 14, 2010, the Third Circuit Court of Appeals affirmed the district court's dismissal of Plaintiff's *pro se* lawsuit under almost identical circumstances. *See id.* at 269.  In that case, Plaintiff acting *pro se* had filed a complaint

in state court asserting TILA violations in connection with a July 20, 2005 mortgage. *Id.* at 267. The case was removed and subsequently dismissed with prejudice on the grounds that the TILA claims were time-barred. *Id.* Plaintiff then filed suit again regarding the same July 20, 2005 mortgage, but this time adding new claims to his complaint. The Third Circuit found that res judicata precluded Plaintiff from attempting to litigate new claims based upon the same mortgage transaction that was at issue in Plaintiff's previous suit. *Id.* at 268.

We are satisfied that Claims One, Two, Three, Eight, Eleven, Thirteen, Fourteen and Fifteen in the instant Complaint are barred by res judicata. These claims concern the same mortgage and loan transaction at issue in Plaintiff's March 2009 state-court suit, but rely on "new violations and different legal theories." *See Taggart*, 375 F. App'x at 268. We will, therefore, dismiss these claims with prejudice. Any attempt to amend his Complaint as to these eight claims would be futile.

### B.    Constitutional Claim

In Claim Six, Plaintiff alleges that Defendants violated his constitutional rights, specifically his "Right to Trial" by disclosing inaccurate information to third parties. This claim is clearly frivolous. We dismiss Claim Six with prejudice and find that it would be futile to grant leave to amend.

### C.    Disclosure Claims

Plaintiff's remaining claims allege conduct that occurred after he filed his first lawsuit regarding the January 2006 mortgage. Claims Five, Seven, Nine, Ten and Twelve all assert that Defendants have continued to unlawfully disclose inaccurate information relating to Plaintiff. A review of these claims reveals that each simply involves legal conclusions couched as factual

allegations.  Plaintiff's "formulaic recitation of the elements of a cause of action" will not suffice.  *See Twombly*, 550 U.S. at 555.  In addition, the extent to which Defendants' alleged misconduct occurred after Plaintiff's previous state-court lawsuit is unclear.

We will dismiss Claims Five, Seven, Nine, Ten and Twelve without prejudice.  Plaintiff's Motion to amend his Complaint as to these claims is granted.  If Plaintiff chooses to amend his Complaint in order to withstand another motion to dismiss, he must support his allegations with facts.  He must also demonstrate that such allegations could not have been brought in his March 2009 state-court action.

## IV.    CONCLUSION

For all of these reasons, both Defendants' and Plaintiff's Motions will be granted in part and denied in part.

An appropriate Order follows.

**BY THE COURT:**

**R. BARCLAY SURRICK, J.**